[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 5, 2008
THOMAS K. KAHN
CLERK

----------------------------------------
No. 07-13349
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 07-00881-CV-TCB-1

WILLIAM HARRY WEST,

Petitioner-Appellant,

versus

MICHAEL ZENK,
Warden, Federal Bureau of Prisons,

Respondent-Appellee.

-------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
-------------------------------------

**(May 5, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner-Appellant William Harry West, a federal prisoner proceeding <u>pro se</u>, appeals the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. § 2241.[1] No reversible error has been shown; we affirm.

In his section 2241 petition, West -- who was convicted of several fraud and money-laundering offenses -- contended that the Bureau of Prisons ("BOP") unlawfully was collecting money from him and establishing a schedule for restitution payments through its Inmate Financial Responsibility Program ("IFRP").  West contended that -- under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3664, 3572 -- only the district court had authority to set a payment schedule; and as part of his sentence, the court had ordered him to pay restitution of $500 a month, not to begin until after he was released from prison. The order did not, West posited, give the BOP authority to collect money from him under the IFRP while he was in prison.  The magistrate judge determined that the BOP was not executing improperly West's sentence based on the plain language of the district court's sentencing order and recommended denying the section 2241 petition.  Over West's objections, the district court adopted the magistrate's report and recommendation and dismissed the petition.

---

[1]West does not need a certificate of appealability to proceed in this appeal. <u>See</u> <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (concluding that a federal prisoner proceeding under section 2241 does not need a certificate of appealability to appeal).

On appeal, West repeats his argument that the BOP unlawfully deducted money from him and devised a payment schedule, through the IFRP, in contravention of both the district court's sentencing order and the MVRA.[2] The availability of habeas relief under section 2241 is a question of law that we review de novo. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006).

We conclude that the district court committed no error in dismissing West's petition. The district court's sentencing order stated that West was to pay a special monetary assessment of $2000 and restitution in the amount of $25,517,666.46, both due "immediately." The order noted that the penalties "shall be due during the period of imprisonment," and payment of the assessment and restitution made while West was incarcerated would be made through the IFRP, with the remaining balance to be paid in monthly installments of not less than $500 during his supervised release to begin three months after his release. So, contrary to West's contentions, the sentencing order stated that restitution was due immediately -- not after his release from prison -- and authorized the BOP to deduct appropriate sums from his account in accordance with its rules and regulations.[3]

---

[2]West also argues that the BOP unlawfully used the IFRP to deduct money from his account that was given to him from outside sources. But West did not raise this claim before the district court, and we need not address it now. See Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994).

[3]To the extent West raised a challenge to the validity of the IFRP, we conclude that it is meritless. BOP regulations provide that, when an inmate has a financial obligation, including the special

West relies on United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002), for his claim that the BOP violated the MVRA. In Prouty, we concluded that a district court could not delegate its function to set a restitution payment schedule under the MVRA. Id. at 1254-55. But here, the district court ordered immediate payment of restitution and provided the manner and schedule in which it was to be paid: both while West was incarcerated and when he was released. See 18 U.S.C. § 3664(f)(2) (the court shall specify in the restitution order "the manner in which, and the schedule according to which, the restitution is to be paid"). Thus, the district court did not improperly delegate its duties to the BOP.[4]

In a collateral attack, for an alleged error of law to merit relief, it must be shown that the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice. See United States v. Addonizio, 99 S.Ct. 2235, 2240 (1979) (in the context of a 28 U.S.C. § 2255 motion to vacate)

_____

assessment and restitution imposed at sentencing, BOP staff "shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. Participating in the program is voluntary; but loss of certain privileges will result if an inmate chooses not to participate in it. 28 C.F.R. § 545.11(d). We conclude that the IFRP is reasonably related to legitimate penological interests and, thus, valid. See Turner v. Safley, 107 S.Ct. 2254, 2261 (1987).

[4]In addition, Prouty was decided in the context of a direct appeal; and here, West has not challenged the district court's restitution order via a direct appeal. See Dohrmann, 442 F.3d at 1281 (concluding that a prisoner could not challenge for the first time, in his section 2241 petition, the district court's initial calculation of restitution because he had not demonstrated exceptional circumstances for his failure to challenge it at sentencing or on direct appeal).

(quotation and citation omitted). The BOP's acts in using its regulations to deduct money from West that he owed in restitution as directed by the district court's sentencing order fall far short of a complete miscarriage of justice.[5]

AFFIRMED.

---

[5]We reject West's argument that the district court violated Fed.R.App.P. 32.1 and 11th Cir. R. 36-2 by not providing him with a copy of an unpublished opinion cited in the magistrate's report and recommendation. These rules apply to appellate proceedings where a party, not the court, cites an unpublished case. See Fed.R.App.P. 32.1(b) (a "party" that cites an unpublished opinion that is not available in a publicly accessible electronic database must include a copy of it with the brief in which it is cited); 11th Cir. R. 36-2 (same). We also reject his argument that lack of access to the unpublished opinion deprived him of his constitutional right to access to courts because he has not established an actual injury; West has pursued his underlying claim against the BOP both in the district court and, now, on appeal. See Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (a prisoner cannot demonstrate actual injury where he was able to litigate his underlying claims in the district court and on appeal).