[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12332
Non-Argument Calendar

_____

D. C. Docket No. 08-00007-CV-4-SPM-WCS

LOVETTA CLARK,

Petitioner-Appellant,

versus

PAIGE AUGISTINE,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 7, 2009)

Before BIRCH, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Lovetta Clark, a pro se federal prisoner appeals the district court's dismissal of her petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. On appeal, Clark argues that she does not have an effective remedy under 28 U.S.C. § 2255 because she is time-barred from filing a new § 2255 motion, and because she cannot meet the requirements for filing a successive habeas petition. Thus, Clark asserts, her only viable habeas remedy is through a § 2241 petition. Clark then goes on to argue that, under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), the maximum sentence that could have been imposed on her was twenty years' imprisonment, and, thus, any statutes to the contrary are unconstitutional. Clark concludes that because she has already served twenty years of her 360-month sentence, she currently is being detained in violation of her Sixth Amendment rights, as described in Apprendi.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. See 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides:

2

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

We have established that the savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). In order for a prisoner to avail herself of the § 2241 remedy under Wofford, all three criteria must be satisfied. A petitioner may not argue the merits of her claim until she has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to her claim. Id. at 1244 n.3. In McVoy v. United States, this Court

3

held that the Supreme Court's decision in <u>Apprendi</u> does not apply retroactively on collateral review. 266 F.3d 1245, 1258 (11th Cir. 2001); <u>see also</u> <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005) (holding that the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), does not apply retroactively on collateral review).

Upon review of the record and Clark's brief, we discern no reversible error. Clark has failed to meet the first prong of the test in <u>Wofford</u> because her claim is based on the Supreme Court's decision in <u>Apprendi</u>, which has not been made retroactive on collateral review. Therefore, because Clark has not demonstrated that her claim is based on a retroactively applicable Supreme Court decision, the district court did not err in dismissing her § 2241 petition. Accordingly, we affirm.

AFFIRMED.