[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
11/24/99
THOMAS K. KAHN
CLERK

—————————————

No. 99-4184
Non-Argument Calendar

—————————————

D.C. Docket No. 98-00247-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JULIO ALAS,

Defendant-Appellant.

—————————————

Appeal from the United States District Court for the
Southern District of Florida

—————————————

**(November 24, 1999)**

Before COX, and WILSON, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Jose Julio Alas appeals his sentence for conspiracy to possess stolen United States mail and possession of stolen United States mail. Defendant Alas and his co-defendants, Francisco Hernandez and Arilla Borrego, were involved in a "check washing" scheme where they stole checks from personal and business mailboxes, chemically treated the checks, rewrote the checks for larger amounts, made the checks payable to themselves, and subsequently cashed the checks. This scheme and conspiracy were in effect from approximately October 10, 1996 to March 23, 1998, when the parties were arrested. Alas pled guilty to a 122-count indictment: count one charged the parties of conspiring to violate 18 U.S.C. § 1708 by stealing checks from the U.S. mail and altering and cashing them in violation of 18 U.S.C. § 371; counts two through 75 charged appellants with theft of checks that had been cashed in violation of 18 U.S.C. § 1708; and, counts 76 through 122 charged the conspirators with theft of the checks which were in their possession, but not cashed. The district court sentenced Alas to 24 months in prison, followed by three years of supervised release, and $45,652.42 in restitution. The restitution amount was based on the value of all of the checks cashed during the conspiracy. Alas appeals the amount of restitution claiming that because he was imprisoned for an unrelated offense from February 28, 1997 to May 3, 1997, he should not be responsible for the value of the checks cashed during that time period.

2

We review the validity of a restitution order for abuse of discretion. <u>See</u> <u>United States v. Twitty</u>, 107 F.3d 1482, 1493 (11th Cir.), <u>cert. denied</u>, 118 S.Ct. 253 (1997). Upon review of the Presentence Investigation Report, the sentencing hearing transcript, and upon consideration of both parties' briefs, we find no reversible error, and AFFIRM.

Alas claims that he should not be jointly and severally liable for restitution for counts 21 through 35, because the checks were cashed by co-defendants while Alas was incarcerated for an unrelated offense. Under the most recent amendment to the restitution statute Alas is liable for the total restitution. Both 18 U.S.C. § 3663 and USSG § 1B1.3 support the trial courts determination that Alas is jointly and severally liable for the total value of the checks cashed during the duration of the conspiracy regardless of his temporary incarceration.

Under well established Eleventh Circuit precedent conspirators are liable for all of the acts and foreseeable consequences of the conspiracy. Where a defendant pleads guilty or is convicted of conspiracy, the district court may order restitution for all losses which resulted from the conspiracy. <u>United States v. Davis</u>, 117 F.3d 459, 462 (11th Cir. 1997). Furthermore, "a defendant is liable for reasonably foreseeable acts of others committed in furtherance of the conspiracy of which the defendant has been convicted." <u>Id.</u> at 463. Here, Alas was part of the "check

3

washing" conspiracy from its inception. There is no evidence that Alas attempted to withdraw from the conspiracy during his short stint in prison. In fact, he was photographed at a bank cashing stolen checks with a co-conspirator shortly after his release from prison. Additionally, Alas is responsible for all acts of the conspiracy which are reasonably foreseeable. Alas never denied that he was a member of the conspiracy, in fact he pled guilty to all charges, including counts 21 through 35, which occurred while he was temporarily incarcerated.

The facts demonstrate that Alas was an integral member of the conspiracy. Furthermore, it is reasonably foreseeable based on Alas' resumed participation after incarceration, that he was aware of the conspiracies continued activity. However, even if Alas was not aware of the continued operation, he is liable for the acts that flow as a natural consequence of the conspiracy. Therefore, we affirm the district courts restitution award and hold Alas jointly and severally liable for the entire value of the fraudulently cashed checks.

AFFIRMED.