[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11561

_____

D. C. Docket No. 04-00142-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RAMOS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 18, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jose Ramos, Jr. pleaded guilty to conspiracy to receive, possess, pass, utter

and publish forged and altered money orders with intent to defraud in violation of

18 U.S.C. §§ 2, 371, and 500, and to nine substantive counts of possessing forged and altered money orders in violation of 18 U.S.C. §§ 2, 473, and 500. He appeals the restitution part of his sentence raising three issues, each of which is foreclosed by binding precedent.

Ramos' contention that the use of certain invoices to establish the amount of loss for restitution purposes violates Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), is contrary to our holding in United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005).

Ramos' contention that allowing a judge to make factfindings necessary to establish the amount of restitution violates Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), is contrary to our holding in Dohrmann v. United States, ___ F.3d ___, No. 05-13560, 2006 WL 623652 (11th Cir. Mar. 15, 2006). The thorough and persuasive supplemental letter brief the government filed in this case convinces us that, even if we were writing on a clean slate in regard to this issue, cf. Fed. R. App. P. 35, the Dohrmann decision is correct.

Finally, Ramos' argument that United States v. Dickerson, 370 F.3d 1330 (11th Cir. 2004), means in the calculation of the amount of restitution he can only be held responsible for his own conduct and not that of his co-conspirators is

2

foreclosed by <u>United States v. Alas</u>, 196 f.3d 1250, 1251 (11th Cir. 1999), which held that "conspirators are liable for all of the acts and foreseeable consequences of the conspiracy."  Indeed, <u>Dickerson</u> itself held that the amount of restitution may include related conduct for which the defendant was not convicted if the loss flowed directly from the conspiracy or scheme of which he was a part.

AFFIRMED.