[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11961
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-60016-CR-RWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES W. LONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2010)

Before BIRCH, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

James W. Long ("Long") appeals the district court's order instructing the

district court clerk to provide to the court financial office a list of victims to facilitate execution of the court's prior criminal restitution order. Long makes two arguments on appeal. First, Long argues that the order was beyond the 90-day time limit allowed for entering or amending restitution orders, and that the government waived its right to contest the restitution order by failing to appeal the original district court order. Second, Long argues that the amended restitution order is invalid in that it fails to identify victims or amounts to be paid to them so as to afford the defendant due process. After reviewing the record we find no error and AFFIRM the district court order.

## I. BACKGROUND

For a full discussion of facts related to Long's conviction see *United States v. Long*, 300 Fed. Appx. 804 (11th Cir. 2008) (per curiam). In that unpublished opinion, we affirmed Long's conviction and sentence for conspiracy to commit wire and mail fraud and substantive wire fraud stemming from his operation of a payday loan company.

The facts related to Long's criminal restitution order are as follows. In March 2006, after Long's conviction, the district court entered a preliminary order of forfeiture requiring "all [of Long's] right, title and interest" in certain enumerated funds to be forfeited to the government under 18 U.S.C.

2

§ 982(a)(2)(b)(1) and 21 U.S.C. § 853. R1-105 at 3. The order stated *inter alia*:

> It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture . . . in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice . . . then, pursuant to [21 U.S.C. § 853(n)(7)], *this Order shall be deemed a final order of forfeiture*.

*Id.* at 4 (emphasis added). In May 2006, the court sentenced Long to a total of 72 months of imprisonment and ordered him to pay $2,119,946 in restitution. R1-113 at 2, 5. At the sentencing hearing, the court acknowledged that the government had identified the number of victims and the loss amounts, and the probation office had a list of the victims and their addresses. R5 at 27-30. Long appealed his convictions and sentences, R1-115, and we affirmed the district court's judgment. *Long*, 300 Fed. Appx. at 820.

While Long's appeal was pending, the government moved the district court to "amend" its restitution order by specifying the victims and the amount of forfeited funds to which each victim was entitled. R2-167 at 1-3. The government stated that it had seized all of the funds outlined in the preliminary order of forfeiture. *Id.* at 2. Because it had not obtained a final order of forfeiture in the criminal case, the government obtained a judgment of civil forfeiture against all the bank accounts enumerated in the preliminary order of forfeiture, and it attached a copy of that civil forfeiture order to its motion. *Id.* at 2-3, Exhibit 1. In the civil

3

forfeiture order, the district court noted that the government had published a Public Notice of Action, but no party had filed a claim for Long's accounts. *Id.* at Exhibit 1, p. 2. The government also attached a list of all the victims and the verified loss amounts. *Id.* at Exhibit 2.

Long responded in opposition to the government's motion and argued that the motion was untimely because it was filed after the 90-day time limit under 18 U.S.C. § 3664(d)(5). R2-168 at 1. Long argued that the government had waived its right to complain about the fact that the criminal judgment neglected to list the names and loss amounts of the victims by waiting until after we had affirmed the district court's conviction and sentences. *Id.* at 2. In March 2009, after our mandate issued affirming Long's criminal convictions and sentences, the district court granted the government's motion in part and denied it in part. R2-170 at 1. Specifically, the court stated that the amount of restitution remained the same, but it declined to disclose the amount of verified losses and the names of the victims in the order. *Id.* The court did, however, order "that the Clerk [ ] provide the [court] Financial Department with the list of victims and their verified losses in accordance with their claim [ ] to satisfy the restitution obligations imposed" on Long. *Id.*

Long now argues that the district court's March 2009 order was invalid for

two reasons. First, Long contends that the order was untimely under the "90-day time limit on restitution orders" under 18 U.S.C. § 3664(d)(5). He cites *United States v. Maung*, 267 F.3d 1113 (11th Cir. 2001), for the proposition that there is no prejudice requirement under 18 U.S.C. § 3664, and the 90-day time limit is clear. Further, Long maintains that even if 18 U.S.C. § 3664 does not bar entry of the order, the government was barred from seeking an amended restitution order under the mandate rule and the law of the case doctrine. Long submits that the government failed to address the validity of the restitution order in Long's direct appeal, and the district court amended the restitution order only after issuance of the mandate. He asserts that the government is barred under the law of the case doctrine from revisiting an issue that could have been raised and decided on appeal. Second, Long argues that the amended restitution order is defective and violates his due process rights because it does not identify specific victims and their respective loss amounts.

## II. DISCUSSION

A. <u>Timeliness of the Restitution Order</u>

"We review the validity of a restitution order for abuse of discretion." *United States v. Alas*, 196 F.3d 1250, 1251 (11th Cir. 1999) (per curiam). "The interpretation of a statute is a question of law subject to *de novo* review." *United*

5

*States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004).

Title 18 U.S.C. § 3664(d)(5) provides:

If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(d)(5)(2000).

In *Maung*, we interpreted 18 U.S.C. § 3664(d)(5) and held that a district court ordinarily may not "impose a sentence and then delay determination of the amount of losses more than 90 days from sentencing." *Maung*, 267 F.3d at 1121. In *United States v. Kapelushnik*, 306 F.3d 1090 (11th Cir. 2002), the district court ordered the defendants to pay restitution at sentencing but postponed ruling on the amount of restitution owed until a later hearing. *Kapelushnik*, 306 F.3d at 1093. After sentencing, but before the district court had decided on the restitution amount, the government appealed the sentences, and we held that when "the district court fails to make such a determination within the 90-day limitations period, the judgment of conviction becomes final and contains no enforceable restitution provision." *Id.* at 1093-94.

6

Here, the district court's March 2009 order was not untimely under 18 U.S.C. § 3664(d)(5) because that provision does not apply. Section 3664(d)(5) pertains to situations where the amount of restitution is uncertain or not ascertainable at the time of sentencing, and the 90-day period refers to the time limit after sentencing for determining the amount of restitution. 18 U.S.C. § 3664(d)(5). In Long's case, the district court determined the amount of restitution at sentencing and set forth that amount in the final judgment. The court did not amend the amount of the restitution judgment in its March 2009 order; instead, it merely directed the clerk to execute that order.

Finally, the district court's order did not violate the law of the case doctrine or the mandate rule. We have explained the law of the case doctrine as:

> Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

*United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam). And we have explained the mandate rule as:

> The mandate rule is simply an application of the law of the case doctrine to a specific set of facts. Accordingly, when acting under an appellate court's mandate, a district court cannot vary it, or examine it for any other purpose than execution; or give any other or further

7

> relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

*United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007) (quotation marks and citation omitted). In this case, there was no violation of the law of the case doctrine or the mandate rule because the district court never varied from our mandate.

B. Whether the Amended Restitution Order Was Defective

"Constitutional objections not raised before the district court are reviewed only for plain error." *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005) (per curiam). To prove plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If all three conditions are met, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Long argues that even if the court's amended order was timely and not barred by the law of the case doctrine or the mandate rule, the order is still invalid because it fails to identify victims or amounts to be paid to them so as to afford him due process. He submits that the court's vague instruction to the clerk to provide undisclosed information regarding victims and losses is invalid in that it

8

fails to identify such claimants.

In this case, Long did not raise any due process challenge before the district court in his response to the government's motion to provide the names of the victims for the restitution order. We therefore apply plain error review to Long's due process claim. Given that Long does not articulate how the court's March 2009 order affected his substantial rights or amounted to an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings," he has not demonstrated plain error.

### III. CONCLUSION

Long appeals the district court's order instructing the court Clerk to provide to the court Financial Office information to facilitate execution of the court's prior restitution order. As we have explained, the district court's amended restitution order did not change the amount of restitution, did not violate our mandate, and did not violate Long's due process rights. Accordingly, we AFFIRM the district court order.

**AFFIRMED.**

9