[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

Nos. 13-13846 & 13-13884
Non-Argument Calendar

———————————————

D.C. Docket No. 1:13-cv-22629-UU


MARVIN GRIFFIN,

                                                    Petitioner-Appellant,

versus

WARDEN, FCI MIAMI,

                                                    Respondent-Appellee.

———————————————

Appeals from the United States District Court for
the Southern District of Florida

———————————————

(July 17, 2014)


Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After his conviction by a jury in 1998, Marvin Griffin, a federal prisoner proceeding *pro se*, is serving a 360-month sentence for attempting to possess with intent to distribute six kilograms of cocaine, in violation of 21 U.S.C. §§ 841, 846.

Griffin appeals the district court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus on the merits. After review of the record and consideration of the parties' briefs on appeal, we vacate and remand this case to the district court for that court to dismiss Griffin's § 2241 petition for lack of subject matter jurisdiction under 28 U.S.C. § 2255(e).

## I.  FACTUAL & PROCEDURAL BACKGROUND

### A.    Conviction and Sentence

In 1995, Griffin was indicted for attempting to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841, 846. The indictment did not specify a drug quantity. In 1998, a jury convicted Griffin.

Section 841 provides different statutory penalties based on the type and quantity of the controlled substance involved in the offense. *See* 21 U.S.C. § 841(b)(1).

At sentencing, the district court found that Griffin's offense involved six kilograms of cocaine. As a result, Griffin's statutory maximum penalty increased from twenty years to life imprisonment, and his statutory mandatory minimum

sentence became ten years' incarceration. *See* 21 U.S.C. § 841(b)(1)(A). However, based on his lengthy criminal history, which included prior convictions for narcotics trafficking, Griffin was designated as a career offender pursuant to U.S.SG. § 4B1.1. Accordingly, his guidelines sentencing range became 360 months to life.

The district court imposed a 360-month sentence, a sentence at the low end of the guidelines range and 240 months above the statutory mandatory minimum penalty. This Court affirmed Griffin's conviction and sentence on April 18, 2000.

On direct appeal, Griffin argued that the district court erred by holding him responsible for six kilograms of cocaine. This Court rejected that claim, stating:

> We find no error in the district court's determination that Griffin was responsible for six kilograms of cocaine. We review a sentencing court's drug quantity determination for clear error. *See United States v. Beasley*, 2 F.3d 1551, 1561 (11th Cir. 1993). The record indicates that Griffin agreed to take and did accept all six kilograms of cocaine and thus it was not clear error for the court to hold him responsible for all six kilograms.

The opinion does not reflect any argument from Griffin about whether the jury or the district court should have been the ultimate fact-finder as to the drug quantity.

3

**B.      First § 2255 Motion**

In January 2002, Griffin filed an original 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, in which he argued, *inter alia*, that his sentence was invalid pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) (decided June 26, 2000), because the sentencing court relied on a quantity of cocaine that was not found by the jury to increase his statutory *maximum* penalty.

The district court denied the § 2255 motion as to the *Apprendi* claim because Griffin was procedurally barred from raising that claim in a § 2255 motion.

**C.      Motion for New Trial**

In July 2002, Griffin filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, raising the same *Apprendi* claim.  The court denied that motion as untimely and noted that Griffin's claim was procedurally barred because he did not raise it at trial or on direct appeal and did not show cause or prejudice for his failure to do so.

**D.      Second § 2255 Motion**

In October 2004, Griffin filed a second § 2255 motion, which the district court denied as an unauthorized successive collateral attack.

**E.    Initial § 2241 Petition**

On July 17, 2013, Griffin filed a 28 U.S.C. § 2241 petition, again raising his *Apprendi* claim and arguing that, pursuant to the savings clause in § 2255(e), § 2255 was inadequate to test the legality of his detention.

The district court denied the petition, finding that Griffin could not use § 2255(e)'s savings clause because the *Apprendi* claim was available to Griffin in earlier proceedings and, thus, Griffin could have raised his *Apprendi* claim earlier. Because Griffin could have raised his *Apprendi* claim in earlier proceedings, the district court concluded that § 2255 was not inadequate or ineffective within the meaning of the savings clause in § 2255(e).

Although finding that Griffin's *Apprendi* claim was procedurally defaulted, the district court also noted that it was clear that *Apprendi* and its progeny did not apply retroactively on collateral review anyway.

## II.  SECOND § 2241 PETITION

On July 23, 2013, one week after he filed his *Apprendi*-based § 2241 petition and one day before the district court dismissed that petition, Griffin filed the instant *Alleyne*-based § 2241 petition.  In the present petition, Griffin argues that his sentence was invalid pursuant to *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013) (decided June 17, 2013), and that he can bring his claim in a §

5

2241 petition pursuant to the savings clause in § 2255(e).  Griffin argues that *Alleyne* extended the *Apprendi* principle to facts that increased the statutory mandatory minimum sentence, and that his sentence violated his due process rights because it exceeded the mandatory minimum.  Griffin contends that he should have been held responsible for only one kilogram of cocaine at sentencing but the court held him responsible for six kilograms.

The district court *sua sponte* denied Griffin's § 2241 petition, noting that Griffin had attempted multiple times to vacate his sentence based on *Apprendi*, and finding that Griffin's present § 2241 petition was a "reiteration of the claims [the district court] ha[d] repeatedly denied."  The district concluded that *Alleyne* was not applicable because Griffin's complaint was that the sentencing court used facts not found by the jury to increase his *maximum* term of imprisonment, which is an *Apprendi* claim.  The district court also concluded that, in any event, "*Apprendi* and its progeny, which include[d] *Alleyne*, [did] not apply retroactively on collateral review."

Griffin timely appealed.[1]

---

[1]The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review *de novo.  See Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000).

6

## III.  DISCUSSION

Under § 2255(e)'s savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention."[2]  28 U.S.C. § 2255(e).

The savings clause in § 2255(e) is a jurisdictional provision.  *Williams v. Warden*, *Fed. Bureau of Prisons*, 713 F.3d 1332, 1339-40 (11th Cir. 2013), *petition for cert. filed* (U.S. Apr. 8, 2014) (No. 13-1221).  Thus, before the district court has jurisdiction to review a § 2241 petition, the petitioner must show that § 2255 is "inadequate or ineffective to test the legality of his detention."  *See id*.  A hopeful § 2241 petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause in § 2255(e) applies to his claim.  *Wofford v. Scott*, 177 F.3d 1236, 1244 n.3 (11th Cir. 1999); *see also Williams*, 713 F.3d at 1339-40.

---

[2]When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255(h).  These restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*).  A petitioner who has filed a previous § 2255 motion and been denied may not circumvent § 2255(h)'s successive-motion rule simply by filing a petition under § 2241.  *Id.*

We have not fully defined the scope of the § 2255(e) savings clause in all contexts; however, we have consistently stated that—to access § 2241 through the savings clause portal in § 2255(e)—a petitioner's claim must, among other things, be based on a retroactively applicable Supreme Court decision.  *See Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013); *Williams*, 713 F.3d at 1343; *Wofford*, 177 F.3d at 1244.  This requires showing, *inter alia*, that the new Supreme Court rule upon which Griffin relies—i.e., the rule announced in *Alleyne*—applies retroactively on collateral review.  *See Bryant*, 738 F.3d at 1274; *Williams*, 713 F.3d at 1343; *Wofford*, 177 F.3d at 1244.

Here, Griffin's sentence is 360 months, which is 240 months above the statutory minimum penalty of 120 months' imprisonment.  Thus, Griffin is not serving a statutory mandatory *minimum* sentence, and *Alleyne* does not apply to his case.  In any event, *Alleyne* does not apply retroactively on collateral review.  *See Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir. 2006) (holding the *Apprendi* rule does not apply retroactively in the context of a § 2241 petition); *see also McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (holding that *Apprendi* does not apply retroactively to claims raised in a § 2255 motion); *Teague v. Lane*, 489 U.S. 288, 310-11, 109 S. Ct. 1060, 1075-76 (1989).

8

Because *Alleyne* does not apply to Griffin's case and is not retroactive to cases on collateral review, Griffin has not shown that § 2255 was inadequate or ineffective to test the legality of his detention.   Thus, Griffin cannot bring his *Alleyne* claim in a § 2241 petition.  *See* 28 U.S.C. § 2255(e); *see also Bryant*, 738 F.3d at 1274.

Accordingly, the district court did not have subject matter jurisdiction to review Griffin's § 2241 petition on the merits.  *See Williams*, 713 F.3d at 1339-40. Alternatively, even if there was no jurisdictional issue, Griffin's § 2241 claim fails on the merits because neither *Apprendi* nor *Alleyne* apply retroactively on collateral review.

## IV.  CONCLUSION

For the reasons stated above, we vacate and remand this case to the district court for that court to dismiss Griffin's § 2241 petition for lack of subject matter jurisdiction under 28 U.S.C. § 2255(e).[3]

**VACATED AND REMANDED.**

---

[3] Griffin's motion for bond pending appeal is denied.

9