[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10508
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-25040-RNS


ANDRES PAVON,

Petitioner-Appellant,


versus


ATTORNEY GENERAL, STATE OF FLORIDA, SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 10, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Andres, Pavon, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal for lack of jurisdiction of his third 28 U.S.C. § 2254 petition for writ of habeas corpus.  Pavon argues that the district court erred in dismissing his third § 2254 petition for lack of jurisdiction because he was actually innocent, erroneous jury instructions were given at his state court trial, and he was wrongly charged with robbery with a deadly weapon because his use of a BB gun should not have been considered a firearm, as defined by Fla. Stat. § 790.001.

We review de novo a district court's dismissal of a § 2254 petition as second or successive.  Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011).  We generally will not consider a habeas claim raised for the first time on appeal. Dohrmann v. United States, 442 F.3d 1279, 1282 (11th Cir. 2006).

Under 28 U.S.C. § 2244(b), a state prisoner who wishes to file a second or successive habeas corpus petition must move this Court for an order authorizing the district court to consider such a petition.  See 28 U.S.C. § 2244(b)(3)(A). Courts must look to the judgment challenged to determine whether a petition is second or successive.  Insignares v. Sec'y, Florida Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014).

2

Without authorization, the district court lacks jurisdiction to consider a second or successive habeas petition. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Once a court determines that it lacks subject matter jurisdiction, it "is powerless to continue." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

We have recognized that "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." Stewart, 646 F.3d at 859. Specifically, there is "a small subset of unavailable claims that must not be categorized as successive." Id. at 863. However, that small subset of claims involves previously unavailable "facts," such as the vacatur of a prior state conviction. See id. at 863–65.

The district court did not err in determining that it lacked jurisdiction to review Pavon's third §2254 petition because he failed to obtain authorization from this Court before filing a successive petition challenging the same conviction as his second § 2554 petition. Additionally, Pavon has not raised any additional facts or claims that would fall into the category of claims that must not be considered successive. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Appellee's motion to file an out-of-time response brief and appendix is GRANTED.