[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS K. KAHN
CLERK

No. 05-15360
Non-Argument Calendar

_____

D. C. Docket No. 02-00226-CR-KOB-HGD

BERNHARD DOHRMANN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 15, 2006)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

DUBINA, Circuit Judge:

Appellant Bernhard Dohrmann appeals the district court's order denying his

petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241. On appeal,

Dohrmann argues that the district court erred by refusing to consider his argument

that the sentencing court's initial restitution calculation exceeded the maximum

restitution amount allowed under 18 U.S.C. § 3663. Moreover, he argues that the

district court erred in finding that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct.

2348, 147 L. Ed. 2d 435 (2000), is inapplicable to restitution orders and does not

apply retroactively. Finally, he raises for the first time in this appeal an ineffective

assistance of counsel claim.

## I. *Denial of a 28 U.S.C. § 2241 Petition*

The availability of habeas relief under 18 U.S.C. § 2241 is a question of law

that we review *de novo*. *Sawyer v. Holder*, 326 F.3d 1363, 1365 n.4 (11th Cir.

2003). Dohrmann's appeal as it pertains to the denial of his § 2241 petition

implicates three major issues: (1) whether a petitioner can challenge in a § 2241

petition an initial restitution calculation on the basis that it violated 18 U.S.C.

§ 3663; (2) whether Apprendi applies to restitution orders, and (3) whether

Apprendi applies retroactively in the context of a § 2241 petition.

## A. *Whether Dohrmann can make a collateral challenge to his initial restitution calculation*

Although we have not specifically addressed whether a petitioner can

challenge a restitution order in the context of a 28 U.S.C. § 2241 petition, we have

held that 28 U.S.C. § 2255 may not be utilized by a person in federal custody to attack only the restitution portion of his sentence because § 2255 affords relief only to those claiming the right to be released from custody. *Blaik v. United States,* 161 F.3d 1341, 1343 (11th Cir. 1998). Moreover, we have held that a petitioner who failed to contest a restitution order either at sentencing or on direct appeal cannot for the first time challenge the district court's initial restitution calculation in a collateral proceeding, absent exceptional circumstances. *Cani v. United States,* 331 F.3d 1210, 1213-14 (11th Cir. 2003). As to the exceptional circumstances, we noted that such circumstances are analogous to a showing of cause and prejudice to overcome a procedural default for raising a claim for the first time in a habeas corpus petition. *Id.* at 1214 n.2.

We conclude from the record here that Dohrmann cannot challenge the sentencing court's initial restitution calculation because he has failed to demonstrate the exceptional circumstances required in order for this court to hear such an argument in a collateral proceeding. He has not made any showing that is analogous to a showing of cause and prejudice to overcome a procedural default for failing to raise a claim.

### B. *Whether Apprendi applies to restitution orders*

In *Apprendi*, the Supreme Court pronounced that "[o]ther than the fact of a

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. We have not directly addressed whether *Apprendi* applies to restitution orders. However, other circuits addressing this issue have held that *Apprendi* does not apply, primarily because the restitution statute, 18 U.S.C. § 3663, does not have a prescribed statutory maximum. *See United States v. Carruth*, 418 F.3d 900, 902-04 (8th Cir. 2005) (under the restitution statute there was "no specific or set upper limit for the amount of restitution," in contrast to criminal statutes which provided maximum terms of imprisonment and fine amounts); *United States v. Syme*, 276 F.3d 131, 159 (3d Cir. 2002) (*Apprendi* rule does not apply to restitution orders made pursuant to 18 U.S.C. § 3663 because *Apprendi* applied only to criminal penalties that increase a defendant's sentence "beyond the prescribed statutory maximum"); *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000) (*Apprendi* does not apply to restitution orders on the bases that (1) restitution is a civil penalty, not a criminal one and, therefore *Apprendi* does not apply because it is a rule of criminal procedure; and (2) § 3663 does not prescribe a statutory maximum for restitution); *United States v. Wooten*, 377 F.3d 1134, 1144 n.1 (10th Cir. 2004) (*Apprendi* did not apply to a restitution order because the amount ordered did not exeed any

4

prescribed statutory maximum); *United States v. Bearden*, 274 F.3d 1031, 1042

(6th Cir. 2001) (restitution orders are not affected by *Apprendi* because the

restitution statutes do not specify a statutory maximum).

We agree with the holdings of our sister circuits and adopt their reasoning

in holding that *Apprendi* does not apply to a restitution order.

## C.  *Whether Apprendi applies retroactively to 2241 petitions*

We have not addressed directly the issue of whether *Apprendi* applies

retroactively in the context of a § 2241 petition.  However, we have held that

*Apprendi* does not apply retroactively to claims raised in a § 2255 motion.  *McCoy*

*v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001).  In *McCoy* the

petitioner-appellant filed an initial § 2255 motion arguing that the indictment's

failure to allege a specific drug quantity violated *Apprendi*.  *Id.* at 1247.  In

determining whether *Apprendi* applied retroactively, we conducted an analysis

under the test established in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.

Ed. 2d 334 (1989).  *Id.* at 1255-58.  First, we determined *Apprendi* was a new rule

of criminal procedure, and that under *Teague* new rules of criminal procedure

could not generally be applied retroactively to final convictions.  *Id.* at 1255-56.

We then considered whether *Apprendi* fell within the two exceptions to *Teague*'s

non-retroactivity rule.  *Id.* at 1256-58.  We concluded that *Apprendi* did not fall

within either exception because *Apprendi* (1) did not decriminalize any class of conduct or prohibit a certain category of punishment for a class of defendants, and (2) was not sufficiently fundamental to fall within *Teague*'s second exception. *Id.* We also affirmed the dismissal of McCoy's § 2255 motion on the alternative ground that he was procedurally barred from challenging his sentence on *Apprendi* grounds because he failed to raise the argument on direct appeal. *Id.* at 1258-59. We noted that McCoy had to show both "cause" and "actual prejudice" to excuse his failure to raise the claim on direct appeal and that he could not do so. *Id.* Also, we have recently held that claims involving *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) do not apply retroactively to an initial § 2255 motion. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005).

While we have not expressly decided whether *Apprendi* applies retroactively in a § 2241 petition, other circuits have addressed this issue and have held that *Apprendi* does not apply retroactively to claims brought under 28 U.S.C. § 2241. *Love v. Menifee*, 333 F.3d 69, 74 (2d Cir. 2003); *San-Miguel v. Dove*, 291 F.3d 257, 258-60 (4th Cir. 2002); *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1060-62 (8th Cir. 2002).

We agree with the holdings of our sister circuits and adopt their reasoning in

6

holding that *Apprendi* does not apply retroactively in the context of a 28 U.S.C. § 2241 petition.

## II. Ineffective assistance of counsel

Whether a defendant has received effective assistance of counsel is a mixed question of fact and law. *See Mincey v. Head*, 206 F.3d 1106, 1142 (11th Cir. 2000). We review the district court's findings of fact for clear error while applying *de novo* review to questions of law. *See id.* We generally will not consider a habeas claim raised for the first time on appeal. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).

Dohrmann attempts to raise his ineffective assistance of counsel claim for the first time in this appeal. Because he raises his claim for the first time on appeal from the denial of his § 2241 petition, we will not consider Dohrmann's ineffective assistance of counsel claim. *See Walker*, 10 F.3d at 1572.

## III. Conclusion

For the above-stated reasons, we affirm the district court's order denying Dohrmann's 28 U.S.C. § 2241 petition.

**AFFIRMED.**