[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15863
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-06504-CV-CMA

BRUCE SIMMONS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2007)

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Bruce Simmons, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his "Motion for Court to Vacate Fine or Alternatively to Set a Payment Schedule," construed as a 28 U.S.C. § 2241 habeas petition challenging the fine portion of Simmons's sentences on two counts of cocaine distribution, in violation of 21 U.S.C. § 841(a)(1).

Simmons argues that, because the Bureau of Prisons ("BOP") sets his fine payment through the Inmate Financial Responsibility Program, the district court impermissibly delegated its judicial authority to the BOP. Simmons relies on *United States v. Prouty*, 303 F.3d 1249 (11th Cir. 2002). Although he describes his challenge as an attack on the execution of his sentence, Simmons makes no argument other than improper delegation.

We review *de novo* the availability of habeas relief under 28 U.S.C. § 2241. *Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006).

A prisoner who fails to challenge a monetary judgment at sentencing or on direct appeal cannot challenge this penalty for the first time in a collateral proceeding, absent exceptional circumstances. *Dohrmann*, 442 F.3d at 1280-81 (discussing a collateral challenge to an order of restitution). Exceptional circumstances "are analogous to a showing of cause and prejudice to overcome a procedural default for raising a claim for the first time in a habeas corpus petition. *Id.* at 1281.

2

While Simmons characterizes his argument as an attack on the execution of his sentence, a charge of improper delegation challenges the validity of the sentence itself. *See Prouty*, 303 F.3d at 1254-55; *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). The record demonstrates that Simmons failed to challenge the constitutionality of his fine at sentencing or on direct appeal, and he makes no attempt to show exceptional circumstances justifying this failure. Accordingly, he cannot make such a challenge now. *See Dohrmann*, 442 F.3d at 1280-81. Because we conclude that the district court correctly denied Simmons's § 2241 petition, we affirm the court's order.

**AFFIRMED.**