[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2010
JOHN LEY
CLERK

No. 09-11387
Non-Argument Calendar

_____

D. C. Docket No. 07-00616-CV-FTM-29-DNF

LUTHER LEON AUSTIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 26, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Luther Leon Austin, a federal prisoner proceeding pro se, appeals the district

court's dismissal in part and denial in part of his federal habeas corpus petition,

brought under 28 U.S.C. § 2241. Austin is serving a 198-month sentence for

armed bank robbery and was ordered to pay $20,058 in restitution as provided by

the court's schedule of payments; however, the court failed to attach the schedule

to its judgment of conviction. Bureau of Prisons ("BOP") regulations provide that

when an inmate has a financial obligation, such as restitution, imposed at

sentencing, BOP staff "shall help that inmate develop a financial plan and shall

monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11.

The Inmate Financial Responsibility Plan ("IFRP") is a voluntary program with

consequences if an inmate chooses not to participate in it. 28 C.F.R. § 545.11(d).

The BOP, through the IFRP and with Austin's consent, garnished Austin's wages

in order to collect the restitution payment owed by Austin as part of his sentence.

Austin filed a § 2241 petition and asserted that: (1) the district court improperly

delegated to the BOP the authority to collect his restitution payments in violation

of United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002); and (2) the BOP was

wrongfully collecting his restitution payment.

On appeal, in support of his argument that the district court improperly

delegated the authority to set a payment schedule for the restitution component of

his sentence, Austin cites both the Mandatory Victims Restitution Act ("MVRA"),

2

18 U.S.C. § 3664, and Prouty, 303 F.3d at 1254-55. Austin argues that the district court erred because it failed to set the amount and timing of payments in the restitution order but also did not state that the restitution was due immediately. Austin further urges us to enjoin the BOP from withholding his money for the restitution payment and require the BOP to reimburse him for sums previously taken.

The availability of habeas relief under 28 U.S.C. § 2241 is a question of law that we review de novo. Sawyer v. Holder, 326 F.3d 1363, 1365 n.4 (11th Cir. 2003). It has "long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." United States v. Addonizio, 442 U.S. 178, 184, 99 S. Ct. 2235, 2240 (1979). We have not addressed whether a prisoner can challenge a restitution order in a § 2241 petition. See Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). However, we have held that "a petitioner who failed to contest a restitution order either at sentencing or on direct appeal cannot for the first time challenge the district court's initial restitution calculation in a collateral proceeding, absent exceptional circumstances." Id. at 1280-81. Exceptional circumstances "are analogous to a showing of cause and prejudice to overcome a procedural default for raising a claim for the first time in a habeas corpus petition." Id. at 1281.

Austin is correct that we concluded in <u>Prouty</u> that a district court could not delegate its authority to set a restitution payment schedule under the MVRA to the BOP. <u>Prouty</u>, 303 F.3d 1249, 1254-55. In <u>Prouty</u>, however, the defendant raised the improper delegation claim on direct appeal from the criminal judgment. <u>Id.</u> at 1250-51. Here, in contrast, Austin failed to challenge the restitution component of his sentence at sentencing or on direct appeal. Because he makes no attempt to show exceptional circumstances excusing this failure, the district court did not err in dismissing Austin's improper delegation claim. We therefore affirm the denial of his § 2241 petition and refuse his requests that we enjoin the BOP from further garnishing his wages and order the BOP to reimburse him for sums previously taken.

**AFFIRMED.**

4