[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15774
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00112-TCB


TONY GOODMAN,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 1, 2017)


Before TJOFLAT, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tony Goodman, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. No reversible error has been shown; we affirm.

In May 2016, Goodman was convicted on ten counts of drug and firearms offenses. In July 2016 -- while still awaiting sentencing in his criminal case[1] -- Goodman filed this section 2241 habeas petition.

In his section 2241 petition, Goodman purports to challenge the district court's March 2015 order denying Goodman bail and authorizing Goodman's detention pending trial. Goodman contends that jail officials have failed to accommodate his needs as a disabled person under the Americans with Disabilities Act ("ADA") and under section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). In support of his ADA claim, Goodman alleges that his cell is too small to allow him to turn his wheelchair and that he is unable to utilize the toilet and shower facilities without assistance.

Goodman also asserts that jail officials have interfered with his rights under the Religious Freedom Restoration Act ("RFRA") because, as a paraplegic,

---

[1] Goodman was later sentenced to 204 months' imprisonment in September 2016. Goodman's direct criminal appeal (Appeal No. 16-16276) remains pending in this Court.

Goodman is unable to climb the flight of stairs necessary to attend the jail's religious services. In his petition, Goodman asserts unspecified violations of due process, contending that he is entitled to "less restrictive confinement." In an attached memorandum, Goodman also says that he was subjected to excessive force in violation of the Eighth Amendment, and that he has been denied an eye exam, eyeglasses, and his electric wheelchair. Goodman seeks both injunctive relief and to be released from custody.

We review de novo the availability of habeas relief under section 2241. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). Although we construe liberally a pro se litigant's pleadings, pro se litigants are required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

The district court committed no error in dismissing Goodman's section 2241 petition. When Goodman filed his section 2241 petition in July 2016, he had been convicted but not yet sentenced. To the extent Goodman sought release from custody -- and, thus, challenged the fact of his confinement or the validity of his convictions -- these claims could have still been raised properly during Goodman's then-pending criminal case or through a direct criminal appeal. As a result, Goodman's section 2241 petition was prematurely filed and subject to dismissal.

3

Furthermore, the bulk of Goodman's habeas petition appears to challenge the conditions of Goodman's confinement: not the validity of his convictions or sentences.  Claims involving no attack on the validity of a prisoner's conviction or sentence are raised properly in a 42 U.S.C. § 1983 civil action not in a federal habeas proceeding.[2]  See McNabb v. Comm'r Ala. Dep't of Corr., 727 F.3d 1334, 1344 (11th Cir. 2013).

For these reasons, we affirm the district court's dismissal of Goodman's section 2241 habeas petition.

AFFIRMED.

---

[2] The record demonstrates that -- in May 2015 -- Goodman filed a 42 U.S.C. § 1983 civil action raising the same challenges to the conditions of his confinement that Goodman now seeks to raise in his section 2241 petition.

4