[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12941
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00063-TFM-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN MOSLEY,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(March 10, 2020)

Before MARTIN, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Franklin Mosley appeals the district court's denial of his motion, styled as a "Motion for Modification or Reduction of Sentence Under 18 U.S.C. § 3582."  He argues here that the district court erred by not recharacterizing his motion as a 28 U.S.C. § 2255 motion and granting him relief under United States v. Haymond, 588 U.S. ___, 139 S. Ct. 2369 (2019).  After careful review, we affirm.

## I.

In 2013, Mosley pled guilty to one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).  Mosley was sentenced to a term of 24-months imprisonment to be followed by a lifetime term of supervised release. Mosley appealed, but this Court affirmed his sentence.  Since that time, Mosley has violated the conditions of his supervised release on a number of occasions. Because of Mosley's violations, the probation office filed a petition to revoke his supervised release.  In 2017, the district court held a revocation hearing, revoked Mosley's release, imposed a 24-month term of incarceration and re-imposed the life term of supervised release for Mosley's violations.

In May 2019, Mosley filed a pro se motion styled as a request for a sentence "modification" or "reduction" pursuant to 18 U.S.C. § 3582.  The government responded to that motion and argued (1) that none of the bases for a sentence modification in § 3582(c) applied to Mosley; (2) Mosley's claim was frivolous; and (3) Haymond, a newly issued Supreme Court decision related to supervised

2

release, did not affect Mosley's sentence.  The district court agreed with the government and denied Mosley's motion.

Mosley filed several unsuccessful motions for reconsideration and then appealed to this Court.

## II.

We review <u>de novo</u> the availability of postconviction relief.  <u>See</u> <u>Dohrmann v. United States</u>, 442 F.3d 1279, 1280 (11th Cir. 2006).  <u>Pro se</u> filings are also entitled to liberal construction.  <u>See</u> <u>Winthrop-Redin v. United States</u>, 767 F.3d 1210, 1215 (11th Cir. 2014).

## III.

The district court did not err by refusing to recharacterize Mosley's motion as a § 2255 motion.  Mosley did not indicate he was pursuing a § 2255 theory and district courts do not commit an error by failing "to serve as <u>de facto</u> counsel" for a <u>pro se</u> party.  <u>See</u> <u>Campbell v. Air Jam. Ltd.</u>, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted).  Mosley specifically sought "modification" and "reduction" of his term of imprisonment, a claim grounded soundly in § 3582.  Mosley did not suggest or put the district court on notice that it should recharacterize his motion.  He failed to do this even though the government addressed this potential theory in its opposition brief and Mosley responded to that opposition (albeit after the district court denied Mosley's original motion).  And

3

we have rejected the notion that a district court must "consider every potential statutory avenue of relief, weigh the costs and benefits of each, and decide whether [the pro se litigant] was entitled to relief under any one of them." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1369 (11th Cir. 2015).

In any event, the district court could not have recharacterized the motion without first following the requirements set forth in Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003). Castro requires district courts to "warn the litigant" of the effects of recharacterizing a motion as a § 2255 motion and "provide the litigant an opportunity to withdraw the motion or to amend it." Id. at 383, 124 S. Ct. at 792. Mosley also did not give the district court any reason to "ignore the legal label" he attached to his motion and "recharacterize the motion" as a motion under § 2255. See id. at 381, 124 S. Ct. at 791.

For these reasons, the district court did not err by refusing to recharacterize Mosley's § 3582 motion as a § 2255 motion.

**AFFIRMED.**

4