[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13632
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00040-MCR-GRJ

KEMMYE RICCARDO PARSON,

Petitioner - Appellant,

versus

WARDEN,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 8, 2020)

Before ROSENBAUM, LAGOA, and ED CARNES, Circuit Judges.

PER CURIAM:

Kemmye Riccardo Parson, a pro se federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, for lack of jurisdiction. After careful review, we affirm.[1]

**I.**

After a jury trial, Parson was convicted of conspiring to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The Probation Office completed a presentence investigation report ("PSR") before Parson's sentencing, calculating a recommended guideline range of imprisonment. Parson's base offense level was 38, based on the quantity of drugs the PSR determined he was responsible for distributing. The PSR also recommended a 2-level increase for possessing a firearm during the crime and a 3-level increase for being an organizer or leader of the drug conspiracy, resulting in a total offense level of 43, meaning a guidelines range of life. Parson was separately subject to a statutory mandatory sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(a).

As for criminal history, the PSR concluded that Parson was a career offender under the United States Sentencing Guidelines Manual § 4B1.1 because he had two prior convictions that the PSR viewed as crimes of violence—a conviction for

---

[1] This case was originally scheduled for oral argument, but as our local rules permit, *see* 11th Cir. R. 34-3(f), we have concluded that oral argument is not necessary.

carrying a concealed firearm and one for aggravated battery. The career-offender enhancement bumped Parson's criminal-history category from V to VI. With an offense level of 43 and a criminal-history category of VI, the PSR arrived at a recommended guideline range for Parson of life imprisonment. Parson's classification as a career offender under the sentencing guidelines did not change the guidelines range of life imprisonment because his adjusted offense level of 43 was higher than the assigned offense level under U.S.S.G. § 4B1.1 of 37.

At sentencing, Parson lodged numerous objections, including an objection to his designation as a career offender. He argued that his previous conviction for carrying a concealed weapon was not a crime of violence, but the district court rejected his claim. The district court adopted the factual findings and guideline application in the PSR, except that it found that Parson was a manger or supervisor instead of a leader or organizer of the drug operation, a fact that did not change Parson's guidelines range. The district court sentenced Parson to life in prison, and we affirmed the judgment on appeal.

Since Parson's conviction was finalized, Parson has brought several collateral attacks challenging the legality of his conviction and sentence. Pursuant to 28 U.S.C. § 2255, he filed a motion to vacate in the fall of 2000, raising an array of constitutional and statutory challenges to his conviction, but he did not challenge his career-offender enhancement. The district court held that Parson's claims were

3

either procedurally barred or without merit and dismissed Parson's motion. The district court also denied Parson's certificate of appealability.

Parson filed a second § 2255 motion in 2015.[2] He raised the same claims he made in his first motion to vacate. The district court dismissed the motion without prejudice for lack of jurisdiction because Parson did not seek authorization to file a successive motion from this Court, as required by statute. We affirmed the district court's judgment.

Parson filed the instant petition for a writ of habeas corpus in the United States District Court for the Northern District of Florida. He argued that he could test the legality of his detention with a 42 U.S.C. § 2241 petition pursuant to § 2255(e)'s saving clause. On the merits, Parson asserted that his career-offender enhancement under the Sentencing Guidelines is no longer valid, based on intervening case law—specifically *Begay v. United States*, 553 U.S. 137 (2008), *abrogated on different grounds by Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008). In *Begay*, the Supreme Court concluded that New Mexico's crime of driving under the influence did not qualify as a violent felony under the Armed Career Criminal Act, 18 U.S. C. § 924(e). 553 U.S. at 148.

---

[2] In 2011, Parson filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). He was seeking to have his sentence reduced pursuant to retroactive amendments that the Sentencing Commission made to the guidelines concerning penalties for crack-cocaine offenses, but the district court denied Parson's motion because Parson was not eligible for a reduction, as he was a career offender.

In *Archer*, we relied on *Begay* to conclude that Florida's crime of carrying a concealed weapon is not a "crime of violence" as defined in U.S.S.G. § 4B1.1. *Archer*, 531 F.3d at 1352. Parson argues that under *Archer*, his previous conviction for carrying a concealed firearm no longer qualifies as a "crime of violence," so his career-offender enhancement is no longer valid.[3]

In response, the Warden argues that the district court lacked jurisdiction to entertain Parson's habeas petition because Parson did not satisfy the demands of the saving clause, § 2255(e), as set forth in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1087 (11th Cir. 2017). The district court agreed and dismissed the petition.

Parson filed a timely appeal. The Warden immediately moved for summary affirmance and to stay the briefing schedule, arguing that *McCarthan* foreclosed Parson's claims. A panel of this Court denied the motion for summary affirmance. We now address Parson's arguments with the benefits of the parties' full briefing.

**II.**

We review de novo whether a petitioner is entitled to habeas relief on a § 2241 petition. *Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006).

---

[3] After filing the petition under review here, Parson filed a third § 2255 motion, raising the same claim that he brought in the instant § 2241 habeas petition. Parson's motion was dismissed for lack of jurisdiction because Parson failed to obtain authorization to file a second or successive petition. *Parson v. United States*, No. 9:17-cv-81073, 2017 WL 4712666 (S.D. Fla. Oct. 18, 2017).

Whether a petitioner may bring a § 2241 petition for a writ of habeas corpus under the saving clause of section 2255(e) is also a question of law that we review de novo. *McCarthan*, 851 F.3d at 1081.

## III.

Federal prisoners are required to collaterally challenge the legality of their conviction by filing a motion to vacate under § 2255 with their sentencing court, rather than a habeas petition under § 2241. *McCarthan*, 851 F.3d at 1081. A motion to vacate allows a prisoner to challenge his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." § 2255(a). Section 2255 also contains a saving clause that allows a federal prisoner to challenge his conviction by filing a § 2241 habeas petition if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prisoner seeking to use the saving clause bears the burden of showing that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *McCarthan*, 851 F.3d at 1081 (internal citation omitted).

In *McCarthan*, we held that, for purposes of determining whether a petitioner can proceed under the saving clause and file a § 2241 petition, the question is

6

"whether the prisoner would have been permitted to bring that claim in a [§ 2255] motion to vacate." *Id*. at 1086-87. A prisoner who has what we have described as a "meaningful opportunity to test his claim" in a § 2255 motion cannot then file a § 2241 petition to bring his claim. *Id*. at 1087. But when a prisoner is "incapable of adjudicating [his] claim" in a § 2255 motion, he can then proceed under the saving clause and file a § 2241 petition. *Id*. at 1088.

We have held that a prisoner has a "meaningful opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id*. at 1086-87. This means that, under our binding precedent, "a change in case law does not trigger relief under the saving clause." *Id*. at 1085.

Instead, we have explained that relief under the saving clause is limited to rare circumstances. In *McCarthan*, we gave three examples of when a motion to vacate is an inadequate procedural tool to address a petitioner's claims and therefore § 2241 relief is available under § 2255(e):  (1) if the petitioner is challenging the execution of his sentence; (2) if the sentencing court is unavailable or has been dissolved; and (3) if there are practical considerations, such as multiple sentencing courts, that prevent a petitioner from filing a motion to vacate. *Id*. at 1092-93. Here, none of these three circumstances applies, and Parson has failed to show that he is otherwise entitled to relief under the saving clause.

Parson argues that he satisfies the saving clause because the § 2255 motion was an inadequate vehicle for him to bring his challenge to his career-offender enhancement, since § 2255 prevents him from bringing his sentencing claim in a second or successive petition. He is right that he may not bring his current claim as a second or successive petition under any of § 2255's other provisions. Under § 2255, a petitioner may bring a second or successive petition only if it is based on (1) newly discovered evidence that, if proven, would show by clear and convincing evidence that no reasonable trier of fact would find the petitioner guilty, or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. § 2255(h). Parson's argument that his career-offender enhancement is no longer valid because of our decision in *Archer*, which held that the crime of carrying a concealed weapon is not a "crime of violence" under the Sentencing Guidelines, 531 F.3d at 1349, falls into neither exception. It does not address Parson's factual innocence, and *Archer* created a new rule of statutory law, not constitutional law.

Rather, Parson simply brings "a traditional claim attacking his sentence that he could have brought in a motion to vacate." *McCarthan*, 851 at 1090. Under our binding precedent, § 2255 provides Parson an adequate and effective mechanism for him to test his claim; as a result, he cannot bring his claim in a § 2241 petition for a writ of habeas corpus.

8

We have further held that whether a claim qualifies for saving-clause relief presents a "threshold jurisdictional analysis." *Id*. at 1099. A district court can "exercise[] jurisdiction" over a § 2241 petition only "if it f[alls] within the saving clause of section 2255(e)." *Id*. at 1080. This conclusion is consistent with our position on the saving clause in our pre-*McCarthan* precedent as well. *See Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-40 (11th Cir. 2013) (concluding that the saving clause "restrict[s] the subject-matter jurisdiction of the federal courts"), *abrogated on other grounds by McCarthan*, 851 F.3d 1076. Because Parson's claim fails to satisfy the § 2255(e) criteria as we have construed them, under our precedent, the district court lacked jurisdiction and properly dismissed Parson's petition.

**AFFIRMED.**

ROSENBAUM, Circuit Judge, concurring:

I concur in the panel's decision to affirm the district court's dismissal of Parson's petition for lack of jurisdiction, since we are bound by *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc). I write separately to register my continuing view that *McCarthan* is incorrect as a matter of law, for the reasons I have explained in my *McCarthan* dissent. *See id.* at 1121-58 (Rosenbaum, J., dissenting); *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170 (3d Cir. 2017) (explaining that a second or successive claim based on a new rule of statutory law that renders conduct believed at the time of conviction or sentencing to be criminal to, in fact, be non-criminal may be brought under 28 U.S.C. § 2255(e) when the petitioner is detained because the claim may not otherwise be brought under § 2255).

ED CARNES, Circuit Judge, concurring:

I concur in the panel's decision to affirm the district court's dismissal of Parson's 28 U.S.C. § 2241 habeas petition for lack of jurisdiction because our McCarthan decision is controlling. McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc).

I write separately to note that I continue to agree with the reasoning and result of the McCarthan decision, which held that "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" Id. at 1080 (quoting 28 U.S.C. § 2255(e)). In my view, that conclusion is correct: the existence of adverse precedent forecloses relief; it does not make the remedy by motion any less suited to the task of testing the merits of a claim. Id. at 1085–89; see also Prost v. Anderson, 636 F.3d 578, 588–92 (10th Cir. 2011) (Gorsuch, J.) (holding that adverse precedent does not make a federal prisoner's 28 U.S.C. § 2255 motion to vacate "an inadequate or ineffective remedial vehicle for testing [a claim's] merits within the plain meaning of the saving[] clause").

11