[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13892

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SEAN CHRISTOPHER FINNELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cr-80086-RS-1

_____

_____

No. 23-10358

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SEAN CHRISTOPHER FINNELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cr-80086-RS-1

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Sean Finnell was convicted of possession of child pornography and sentenced to 160 months in prison, lifetime supervised release, and ordered to pay restitution, fines, and a special assessment

under the Justice for Victims of Trafficking Act. He raises three challenges to his sentence on appeal. First, he argues that the conditions placed on his lifetime supervised release are overbroad and violate his First Amendment rights. Second, he argues that the restitution award should be vacated because the amount of restitution was not determined by a jury and because the district court did not disaggregate the victims' losses. Third, he challenges the imposition of a $5,000 special assessment under the JVTA because he says he is indigent. For the reasons stated below, we affirm the district court's imposition of the conditions on his supervised release and restitution award, and we vacate the JVTA special assessment and remand the case for further determination by the district court.

## I.

A jury convicted Sean Finnell of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). The district court sentenced him to 160 months in prison and supervised release for life. As a condition of his supervised release, the district court prohibited Finnell from possessing or using a computer without prior court approval and from accessing any sexually explicit materials involving adults or children. The district court also ordered him to pay a $5,000 special assessment under the JVTA and $106,500 in restitution. Finnell objected to the conditions of his supervised release, the JVTA assessment, and the restitution award at sentencing. The district court rejected each of his arguments. Finnell timely appealed.

## II.

We review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). But if a defendant "fails to clearly state the grounds for an objection in the district court . . . he waives the objection on appeal" and we review for plain error. *Id.*

We review the amount of a district court's restitution award for an abuse of discretion. *United States v. Rothenberg*, 923 F.3d 1309, 1327 (11th Cir. 2019). We review the legality of a restitution order *de novo* and the underlying factual findings for clear error. *United States v. Osman*, 853 F.3d 1184, 1188 (11th Cir. 2017). And we "review the district court's decision that a defendant can afford a special assessment for clear error." *United States v. Doak*, 47 F.4th 1340, 1361 (11th Cir. 2022).

## III.

### A.

Finnell first asks us to vacate two conditions the district court imposed on his lifetime supervised release: the condition that he not use a computer apart from work and the condition that he not possess any pornography, including adult pornography.

When imposing special conditions on supervised release, a district court should consider whether each condition: "(1) is reasonably related to the [18 U.S.C.] § 3553(a) factors; (2) involves no greater deprivation of liberty than is reasonably necessary to serve the purposes of punishment specified in § 3553(a)(2); and (3) is consistent with any pertinent policy statements issued by the

Sentencing Commission." *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015); *see also* 18 U.S.C. § 3583(d). The section 3553 factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to deter future criminal conduct, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)-(2). The weight given to each factor is "a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Conditions imposed need not be based on the offense of conviction as long as they reasonably relate to the section 3553 factors. *See United States v. Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009).

Finnell argues that the first special condition of his supervised release—that he cannot possess or use a computer except for employment purposes approved by the district court—is improper under the Supreme Court's decision in *Packingham v. North Carolina*, 582 U.S. 98 (2017), because it involves a greater deprivation of his liberty than is reasonably necessary. In *Packingham*, the Supreme Court held that a law that prohibits registered sex offenders from accessing social networking websites violates the First Amendment. *Id.* at 108. The government argues that our precedent establishes that *Packingham* does not apply to this type of supervised release condition. We agree with the government.

We have held that *Packingham* did not undermine a condition of supervised release that prohibits a convicted sex offender from using a computer except for work and with the prior

permission of the district court. In *United States v. Bobal*, 981 F.3d 971 (11th Cir. 2020), we distinguished *Packingham* from that condition of supervised release for three reasons. First, we reasoned that, although the law in *Packingham* restricted sex offenders beyond the completion of their sentence, Bobal's restriction did not extend beyond his supervised release term. *Id*. at 977. Second, we noted that the law in *Packingham* applied to all registered sex offenders, not just those who used a computer or other electronic means to commit their offenses, and thus the law was not sufficiently narrowly tailored. But because Bobal's use of an electronic device was at the core of his offense—communicating with a minor via text message—the prohibition on his use of a computer prevented him from repeating that offense. *Id*. Finally, unlike the law in *Packingham*, Bobal's restriction allowed him to obtain court permission to use a computer for his employment, and Bobal could seek a modification of his release for other reasons. *Id*. Thus, we held that Bobal's conditions on his supervised release were distinguishable from *Packingham* and did not violate the First Amendment.

Finnell argues that his sentence is distinguishable from *Bobal* for three reasons: (1) we reviewed Bobal's sentence for plain error, (2) Finnell never communicated with minors, and (3) Bobal was permitted to later move to modify the conditions of his supervised release, while Finnell claims our decision in *United States v. Cordero*, 7 F.4th 1058, 1070 (11th Cir. 2021) does not allow him to seek a modification. We address each argument in turn.

We ordinarily review conditions of supervised release for abuse of discretion, but we review for plain error when the defendant fails to properly state his objection in the district court. *See United States v. Zinn*, 321 F.3d at 1087. The parties disagree about whether Finnell properly stated his objection to the conditions of his supervised release in the district court, and therefore about what standard of review should apply. But we do not think it matters because his challenge fails either way.

If we review the district court's imposition of the conditions on Finnell's supervised release for plain error, our holding in *Bobal* directly applies and forecloses his arguments. And if we review the issue for abuse of discretion, our precedent after *Bobal* also forecloses his arguments. Indeed, after we decided *Bobal*, we reviewed a similar computer restriction imposed on a 30-year term of supervised release for abuse of discretion and upheld that condition. *See United States v. Coglianese*, 34 F.4th 1002, 1010 (11th Cir. 2022). We noted that "[w]e have uniformly upheld similar restrictions, so long as the defendant . . . has the ability to seek permission from the probation office to use a computer and/or access the internet for specified purposes." *Id.* Finnell may seek permission from the district court to use a computer for employment purposes, and as the district court noted at sentencing, may move to modify the conditions of his supervised release when he is released from prison. Thus, we reject Finnell's argument that *Bobal* is inapposite because we applied the plain error standard of review.

We also reject Finnell's attempt to distinguish *Bobal* on the grounds that he accessed and saved thousands of images of child pornography on the internet and did not communicate with the minors directly like the defendant in *Bobal*. The district court found that Finnell was "a clear and present danger to children all across the world." It found that Finnell lacked both remorse for his crimes and recognition of the seriousness of his offense. Indeed, Finnell stated at sentencing that he believed minors have the right to express themselves through child pornography and that the images he possessed were of minors freely expressing themselves. He also stated that he failed to see the criminality in his actions and the need for any punishment.

The sentencing guidelines recommend a condition limiting the use of a computer when a defendant used a computer to commit a sex offense like Finnell did here. U.S.S.G. § 5D1.3(d)(7)(B). The district court considered the section 3553 factors and all the evidence before it and concluded that the sentence was appropriate. Based on all the evidence, we do not believe the district court abused its discretion or committed plain error by imposing this condition of supervised release on Finnell.

We also reject Finnell's argument that our decision in *Cordero* holds that he is not allowed to seek a modification of his supervised release. 7 F.4th 1058. We agree with the government that *Cordero* only held that a defendant cannot contest the legality or constitutionality of his supervised release via a motion to modify. *Id.* at 1070. We did not hold that a defendant may no longer

move to modify the restrictions on his supervised release. Rather, the district court made clear at sentencing that Finnell may do just that when he gets out of prison. Thus, we reject this argument as well.

We now turn to Finnell's challenge to the condition of his supervised release that he may not access sexually explicit material depicting minors or adults. He argues that this condition is over-broad and unjustified as it pertains to adult pornography and therefore violates his First Amendment rights. The parties again dispute whether we should review this condition for plain error or abuse of discretion. We again conclude that the district court did not err under either standard of review.

The government says this condition was appropriate because Finnell's lack of remorse shows that he cannot distinguish between legal and illegal pornography—i.e., that all pornography should be legal and that he saw nothing wrong with what he did. We agree. Although Finnell's conviction was for child pornography, Finnell demonstrated that he could not or would not distinguish between child pornography and adult pornography and showed a complete lack of remorse for his crimes. For these reasons and the reasons stated above, we hold that the district court was well within its discretion to order a total prohibition on all sexually explicit material to defer Finnell's future criminal conduct and to protect the public.

*B.*

Finnell next argues that we should vacate the district court's restitution award because (1) the jury made no findings about the victims' losses or the number of victims, and (2) the district court did not disaggregate the victims' losses. We reject both arguments.

The Violence Against Women Act of 1994 requires district courts to order restitution for covered offenses, including Finnell's conviction. *See* 18 U.S.C. § 2259. The district court may not decline to award restitution because a defendant is indigent. *Id.* § 2259(b)(4)(B)(i). The district court must "determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim" and "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." *Id.* § 2259(b)(2)(A)-(B).

Finnell first argues that *Apprendi v. New Jersey* and its progeny establish that a court may not award restitution absent a jury finding without violating the Sixth Amendment. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). We then held that *Apprendi* does not apply to restitution orders. *Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006). Finnell argues that the Supreme Court abrogated *Dohrmann* in *Southern Union Co. v. United States*, 567 U.S. 343 (2012), which applied

*Apprendi* to criminal fines. The Court held that it has "never distinguished one form of punishment from another" in stating *Apprendi*'s rule, and that "our decisions broadly prohibit judicial fact-finding that increases maximum criminal 'sentences,' 'penalties,' or 'punishments.'" *Id.* at 350. Finnell argues this holding extends to criminal restitution.

We disagree. Nothing in *Southern Union* leads us to conclude that it abrogated our holding in *Dohrmann* such that *Apprendi* and its progeny apply to restitution orders. The Court in *Southern Union* specifically explained that there could not "be an *Apprendi* violation where no maximum is prescribed." 567 U.S. at 353. Our analysis in *Dohrmann* turned on the absence of a maximum award in the restitution statute, and there is similarly no maximum here. 44 F.3d at 1281. And since *Southern Union*, several of our sister circuits have declined to extend *Apprendi* to restitution. *See United States v. Vega-Martinez*, 949 F.3d 43, 54 (1st Cir. 2020); *United States v. Sawyer*, 825 F.3d 287, 297 (6th Cir. 2016); *United States v. Thunderhawk*, 799 F.3d 1203, 1209 (8th Cir. 2015); *United States v. Bengis*, 783 F.3d 407, 412–13 (2d Cir. 2015); *United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014); *United States v. Green*, 722 F.3d 1146, 1148–51 (9th Cir. 2013); *United States v. Wolfe*, 701 F.3d 1206, 1216–18 (7th Cir. 2012); *United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012). We thus conclude that the district court was not required to submit the question about the victims' losses to the jury.

Finnell separately argues that the restitution award violates the Sixth Amendment under *Alleyne v. United States*, 570 U.S. 99

(2013) because a jury did not determine the number of victims of Finnell's crimes. In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimums so that facts triggering mandatory minimums must be found by a jury. *Id.* at 103. Finnell argues the district court violated his Sixth Amendment right because a jury did not identify each victim of his crimes and therefore did not determine the statutory mandatory minimum he would owe in restitution. But that argument must fail for the same reason his first argument does: *Apprendi* does not apply to restitution orders, and nothing in our precedent or the Supreme Court's precedent has abrogated our holdings. *See Dohrmann*, 442 F.3d 1279.

Finnell's second argument regarding the district court's restitution order is that the district court erred in the amount of restitution it awarded because it did not disaggregate the losses. That is, Finnell says the district court was required to separate the victims' losses caused by Finnell's possession of the images and the losses caused by the initial abuse. But we have held that "a district court is not required to determine, calculate, or disaggregate the specific amount of loss caused by the original abuser-creator or distributor of child pornography before it can decide the amount of the victim's losses caused by the later defendant who possesses and views the images." *United States v. Rothenberg*, 923 F.3d 1309, 1333 (11th Cir. 2019). The district court made an appropriate finding of Finnell's restitution based on the evidence before it. Thus, we reject this argument.

### C.

Finnell's last argument is that we should vacate the district court's imposition of a $5,000 special assessment under the JVTA because he is indigent. The JVTA provides that the district court should impose this assessment "on any non-indigent person" convicted of certain offenses. 18 U.S.C. § 3014(a)(3). Finnell argues that there was sufficient evidence that he was indigent because a magistrate judge previously found him indigent, and the probation officer reported he could not pay the JVTA assessment because he had $100 in his checking account, no income or assets, and $7,000 in credit card debt. He notes that the district court determined that he could not pay a fine yet still imposed the JVTA assessment. He also argues that the district court gave no explanation for finding him non-indigent and imposing the JVTA assessment after he objected to it on the grounds of indigency.

The government says the district court did not err because indigency can be based on future earnings and because it did not know Finnell's financial status because he declined a presentence interview and did not sign the release forms to permit the probation officer to verify his financial information. The government also argues that Finnell failed to sufficiently raise the issue at sentencing.

We agree with Finnell that the district court gave no explanation for its imposition of the JVTA assessment in light of Finnell's objections on the basis of indigency. After the government asked the district court to impose the JVTA assessment, the district court

determined that Finnell could not pay a fine, but immediately imposed the JVTA assessment. Finnell later asked the district court to clarify whether it was imposing the assessment and the court said that it was. Finnell cited the statute, pointed out that it only applies to non-indigent persons, stated that he is indigent and has no ability to pay the assessment, and argued that the court should not order the JVTA assessment. The district court provided no other reasoning for imposing the assessment.

It is true that other circuits have held that indigency for purposes of the JVTA assessment can be determined based on future potential earnings. *See, e.g.*, *United States v. Rosario*, 7 F.4th 65, 70 (2d Cir. 2021); *United States v. Norton*, 48 F.4th 124, 133–34 (3d Cir. 2022). It is also true that the record may support a finding that Finnell may be able to pay the JVTA assessment when he gets out of prison. But the district court failed to explain its reasoning for imposing the JVTA assessment in light of Finnell's objection and evidence on the record that Finnell might be indigent.

In the context of fines imposed under the sentencing guidelines, we have held that "when the record provides no guidance as to the court's reason(s) for imposing a fine, we must remand the case so that the necessary factual findings can be made." *United States v. Hernandez*, 160 F.3d 661, 666 (11th Cir. 1998); *see also* U.S.S.G. § 5E1.2(a). The same is true in the context of the JVTA assessment. The district court must provide some reason on the record for imposing the JVTA assessment when the defendant has presented evidence of indigency and has objected to the

22-13892               Opinion of the Court                    15

assessment. Because the district court failed to do so, we vacate its ruling and remand for the district court to make the necessary factual findings.

**IV.**

For the reasons stated above, we **AFFIRM IN PART AND VACATE AND REMAND IN PART.**