**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10825

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GAVIN MICHAEL HAROLD,

*Defendant-Appellant.*

_____

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 2:23-cr-00054-TPB-KCD-1

_____

_____

No. 24-12506

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                    Opinion of the Court                    24-10825

*versus*

GAVIN MICHAEL HAROLD,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00054-TPB-KCD-1

_____

Before JORDAN, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Gavin Harold appeals the $37,000 restitution award imposed against him in connection with his sentence of 78 months' imprisonment for his conviction of possession of prepubescent child pornography under 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Harold argues that the district court violated his Fifth and Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), by imposing mandatory minimum restitution awards based on judicial factfinding. He also argues that the district court erred by awarding $3,000 in restitution to one of the victims ("the MotherFull victim") because the Government failed to meet its burden under 18 U.S.C. § 2259 of

showing that he proximately caused losses suffered by the victim. After review,[1] we affirm.

## I.  DISCUSSION

### A.  *Judicial Factfinding*

Harold first argues that the district court violated his Fifth and Sixth Amendment rights under *Apprendi* and *Alleyne* by imposing a mandatory minimum restitution award based on judicial factfinding.  Specifically, he asserts that under *Alleyne* the factfinding necessary to support a mandatory minimum restitution award under § 2259 must be conducted by a jury rather than a judge.

This argument is foreclosed by binding precedent.  In *United States v. Kluge*, we rejected an identical argument and held that *Alleyne* did not govern mandatory minimum restitution awards under § 2259.  No. 23-10697, --- F.4th ---, manuscript op. at *16-19 (11th Cir. July 31, 2025) (citing *Dohrmann v. United States*, 442 F.3d 1279 (11th Cir. 2006)).  Accordingly, the district court did not err on this ground.

### B.  *MotherFull Victim*

Harold also argues that the district court erred by awarding $3,000 in restitution to the MotherFull victim because the

---

[1] "We review *de novo* the legality of a restitution order, but review for clear error the factual findings underlying that order."  *United States v. Rothenberg*, 923 F.3d 1309, 1327 (11th Cir. 2019).

Government failed to meet its burden in showing that he proximately caused losses suffered by the victim.

As an initial matter, we disagree with the Government that we should review this issue for plain error. *See United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007) ("When the defendant does not preserve an argument for appeal, we review for plain error."). Harold argued before the district court that the MotherFull victim was not entitled to a restitution award because her restitution request did not quantify any losses that she claimed to have suffered. Even though there are differences between that argument and the one he now raises, an appellant may raise alternative arguments on appeal as to a preserved issue. *See United States v. Horn*, 129 F.4th 1275, 1297-98 (11th Cir. 2025) ("Precedent is clear that while an issue can be waived, alternative arguments on an issue cannot."); *United States v. Brown*, 934 F.3d 1278, 1306-07 (11th Cir. 2019) ("[O]nce a party has preserved an issue, it may 'make any argument in support of that claim; parties are not limited to the precise arguments they made below.'" (quoting *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534 (1992))). Harold's argument on appeal is based on the same issue he raised in the district court—whether the MotherFull victim was entitled to restitution based on her nonspecific restitution request—so Harold has preserved this issue for appellate review.

As to the merits of the appeal, we conclude that the district court did not err by awarding $3,000 in restitution, the mandatory minimum award under § 2259, to the MotherFull victim.

Pursuant to § 2259, district courts must award restitution to victims of a defendant convicted of "trafficking in child pornography," which includes possession of child pornography under § 2252. 18 U.S.C. § 2259(b)(1)-(2), (c)(3). The statute defines "victim" as any "individual harmed as a result of a commission of a crime under this chapter." *Id.* § 2259(c)(4); *United States v. McDaniel*, 631 F.3d 1204, 1208 (11th Cir. 2011) (concluding that an individual was a victim for purposes of § 2259(c)(4) where the defendant possessed images of her sexual abuse as a minor).

Once a court concludes that an individual is a "victim" for purposes of § 2259, it must order restitution through the following procedures: First, the court must "determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." 18 U.S.C. § 2259(b)(2)(A). Then, the court must "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."[2] *Id.* § 2259(b)(2)(B). The statute defines "the full amount of the victim's losses" to include "any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim," such as costs for psychiatric care, lost

---

[2] A district court must also ensure that "[a] victim's total aggregate recovery . . . shall not exceed the full amount of the victim's demonstrated losses." 18 U.S.C. § 2259(b)(2)(C). Whether the district court complied with this requirement is not at issue in this appeal.

income, and "any other relevant losses." *Id.* § 2259(c)(2). It is the Government's burden to establish a victim's entitlement to restitution by the preponderance of the evidence. *See id.* § 3664(e) ("The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government."); *id.* § 2259(b)(3) ("An order of restitution under this section shall be issued and enforced in accordance with section 3664. . . ."); *United States v. Osman*, 853 F.3d 1184, 1189 (11th Cir. 2017).

The Supreme Court has explained that a defendant's offense conduct must proximately cause a victim's losses for the victim to be entitled to restitution under § 2259, such that, "if the defendant's offense conduct did not cause harm to an individual, that individual is by definition not a 'victim' entitled to restitution under § 2259."[3] *Paroline v. United States*, 572 U.S. 434, 445-48 (2014). Specifically, the Court explained,

> [W]here it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual

---

[3] Congress amended § 2259 after the Supreme Court decided *Paroline*, and, although the amendment moved certain language around, it did not abrogate that case. *See United States v. Sotelo*, 130 F.4th 1229, 1250-51 (11th Cir. 2025) ("Far from displacing *Paroline*, the [law amending § 2259] recognized the approach outlined in *Paroline* as the proper one in § 2259 cases, and Congress explicitly mentioned *Paroline* in its findings.").

> defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

*Id.* at 458. The Court outlined certain factors that courts should consider in conducting this analysis but rejected a "precise mathematical inquiry" and instead recognized district courts' "discretion and sound judgment" in making this determination. *Id.* at 459.

Harold argues that the Government failed to meet its burden under § 2259 as to the MotherFull victim because the sole evidence of that victim's loss, a letter written by the victim's parents, did not quantify the amount of loss suffered by the victim and did not contain sufficient information for the district court to determine whether he proximately caused any losses suffered by the victim for purposes of § 2259. Therefore, he reasons that the district court erred by concluding that the MotherFull victim was entitled to the mandatory minimum restitution award.

Harold is correct that the relevant letter, which is the only evidence that the Government submitted as to the MotherFull victim's losses, does not contain any specific quantification of those losses. The letter states that the MotherFull victim "has suffered greatly as a result of" her sexual exploitation. It adds that she "suffers severe anxiety attacks and has been diagnosed with anxiety, depression, [and] visual and auditory hallucinations as a result of the crimes committed against her," and that she "is in therapy weekly and is on several prescription medications to help her deal

with the ongoing effects of this abuse." The letter notes that "most" of the victim's expenses are covered through Medicaid, but she and her family nevertheless suffer "financial impacts," including that her father is unable to work a full-time job because he needs to constantly take her to doctors' appointments and counseling sessions, which undermines their ability to save for the victim's future. The letter does not contain a request for a specific amount of restitution, but the Government requested the mandatory minimum on the victim's behalf.

This letter, while scant of important details, is sufficient to satisfy the Government's burden as to the $3,000 mandatory minimum restitution award under § 2259, in conjunction with the unobjected-to facts in the presentence investigation report ("PSI") detailing that Harold possessed depictions of the MotherFull victim's sexual abuse. *See United States v. Thomas*, 32 F.4th 1073, 1077 (11th Cir. 2022) ("[U]nobjected-to factual allegations in the [PSI] are admitted for sentencing purposes."). The letter is sufficient to show that the MotherFull victim suffered at least some financial losses as a result of her sexual exploitation, and that Harold's possession of the image and video depicting her proximately caused at least some of those losses. *See McDaniel*, 631 F.3d at 1209 (holding that the defendant's possession of images depicting the victim proximately caused her losses relating to her trauma and emotional issues).

Although the letter does not contain any specific quantification of the losses suffered by the MotherFull victim, the district court was permitted to "accept a reasonable estimate of the loss

24-10825                Opinion of the Court                9

based on the evidence presented." *Osman*, 853 F.3d at 1189 (quotation marks omitted). Therefore, the district court could use the letter to accept the Government's position that the MotherFull victim suffered at least some loss such that she was entitled to some amount of restitution under § 2259. *See United States v. Rothenberg*, 923 F.3d 1309, 1337 (11th Cir. 2019) (rejecting an argument that the Government failed to satisfy its burden under § 2259 where the victims did not submit "psychological or economic reports detailing their losses" but relied solely on a declaration written by their counsel describing their losses); *United States v. Sotelo*, 130 F.4th 1229, 1252 (11th Cir. 2025) (same).

Once the district court determined that the MotherFull victim was entitled to some amount of restitution under § 2259, it was required at the very least to award her $3,000. *See* 18 U.S.C. § 2259(b)(2)(B), (4)(A). For that reason, the district court did not err by awarding the mandatory minimum restitution amount to the MotherFull victim.[4]

## II. CONCLUSION

The district court did not violate Harold's Fifth and Sixth Amendment rights by imposing a mandatory minimum restitution award through judicial factfinding. The district court also did not

---

[4] It appears that the district court did not technically comply with all of § 2259's procedures because it did not determine the full amount of the MotherFull victim's losses or conduct the *Paroline* causation analysis. *See* 18 U.S.C. § 2259(b)(2)(A); *Paroline*, 572 U.S. at 458-59. However, Harold did not raise this issue in his appellate brief, so it is not properly before us.

err by awarding the MotherFull victim the mandatory minimum restitution amount under § 2259.  Accordingly, we affirm the restitution award.

**AFFIRMED.**