[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10179
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00600-MSS-PRL


BRUCE MURRAY,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 15, 2021)

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Bruce Murray appealed the district court's dismissal of his petition for writ

of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction and the denials of

his subsequent motions for reconsideration and to reopen.  The government moved for summary affirmance, contending that the district court's decision is clearly right as a matter of law.  We agree.

### I.

In 2015, a jury convicted Murray of one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D).  We affirmed.  *See United States v. Murray*, 659 F. App'x 1023 (11th Cir. 2016).

Murray later filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The district court denied that motion and denied Murray a certificate of appealability.  This Court also declined to issue him a certificate of appealability.

Murray next filed this petition for writ of habeas corpus under 28 U.S.C. § 2241.  In it, he brings several challenges to his sentence.  According to Murray, the sentencing judge erred by applying various enhancements under the Sentencing Guidelines, improperly enhancing his sentence under the Armed Career Criminal Act, and failing to consider his counsel's "policy arguments."  But the district court concluded that § 2241 was not the appropriate vehicle for Murray's claims, and dismissed his petition for lack of jurisdiction.  It then denied his subsequent motions for reconsideration and to reopen.

Murray timely appealed.

II.

We review de novo the district court's subject matter jurisdiction. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). And we likewise review de novo the availability of habeas relief under § 2241. *Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006). Summary disposition is appropriate when one party's position is "clearly right as a matter of law" such that "there can be no substantial question as to the outcome of the case" or "the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

III.

Section 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief" unless he can satisfy that section's saving clause. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). The saving clause permits a prisoner to apply for a writ of habeas corpus only when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

A motion to vacate is "inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099. In other words, we ask whether "the prisoner would have been permitted to bring that claim in a motion to vacate." *Id.* at 1086–87. If so, then a § 2255 motion to vacate is adequate. If not, then a § 2241 habeas petition is appropriate. That's the case, for example, when a prisoner challenges

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

the execution of his sentence rather than its validity. *Id.* at 1089. It's also the case when "the sentencing court is unavailable" or other practical considerations prevent the prisoner from filing a motion to vacate. *Id.* at 1093.

Here, § 2255 provided an adequate and effective remedy to "bring and test" Murray's claims. *Id.* at 1089 (quotation omitted). Those claims—challenges to his sentence—are plainly cognizable in a § 2255 motion; Murray "would have been permitted to bring" them in a motion to vacate. *Id.* at 1086–87. In fact, he brought similar claims in his prior § 2255 motion, where he challenged his enhancement under the Armed Career Criminal Act and contended that his appellate counsel provided ineffective assistance for allegedly failing to make that argument in his direct appeal. The fact that Murray was denied relief in that motion does not render the remedy inadequate or ineffective under § 2255's saving clause. *See id.* at 1086 (the opportunity to test a claim "neither guarantees any relief nor requires any particular probability of success; it guarantees access to a procedure"). Nor does the presence of a procedural bar—such as the general prohibition on filing second or successive § 2255 motions. *See id.* at 1090–91.

Murray does not argue otherwise. Instead, he contends that *McCarthan* should not apply and was "wrongly decided." But *McCarthan* controls this case, and we are bound by this Circuit's published precedents. *See United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

Because the government's position is clearly right as a matter of law, we **GRANT** its motion for summary affirmance. We also **DENY** as moot the government's motion to stay the briefing schedule.

4