[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11286

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELVIS HAROLD REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00111-VMC-AAS-1

_____

_____

No. 21-12510

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELVIS HAROLD REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00111-VMC-AAS-1

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Elvis Reyes appeals his conviction and sentence for mail fraud and aggravated identity theft. He argues that the district

court's restitution order was not supported by sufficient evidence. We conclude that Reyes's sentence—including the order of restitution—does not exceed the statutory maximum and does not violate the Eighth Amendment, and Reyes's appeal is otherwise barred by the appeal waiver in his plea agreement. We therefore affirm.

## I.

Reyes was charged in a 25-count indictment with mail fraud, making false statements on immigration forms, and aggravated identity theft. He entered into a written plea agreement in which he agreed to plead guilty to one count of mail fraud and one count of aggravated identity theft and "to make full restitution" to the victims of his offense pursuant to 18 U.S.C. §§ 3663 and 3663A, and the government agreed to move to dismiss the other charges. Reyes acknowledged that the amount of restitution would be determined by the court and would be at least $265,627. The plea agreement also provided that Reyes waived his right to appeal his sentence on any ground, unless the district court imposed a sentence above the statutory maximum or the applicable Sentencing Guidelines range, the sentence violated the Eighth Amendment, or the government appealed his sentence.

After a change-of-plea hearing in which the magistrate judge discussed all the relevant provisions of the plea agreement with Reyes, the district court accepted the plea agreement and Reyes's guilty plea. The court sentenced Reyes to 249 months in prison

followed by three years of supervised release.  It later amended the judgment to add an order of restitution in the amount of $442,368.

Reyes appealed both the initial judgment and the amended judgment, and we granted his motion to consolidate these appeals. His sole argument on appeal is that that the government failed to present sufficient evidence of loss to support the full amount of restitution calculated by the district court.  Reyes does not challenge the validity of the appeal waiver in his plea agreement; he contends that his argument is not barred by his appeal waiver because the restitution order (1) exceeded the statutory maximum, and (2) violated the Eighth Amendment's prohibition on excessive fines.  We reject the arguments that fall within the exceptions to Reyes's appeal waiver, and we decline to consider his remaining argument.[1]

## II.

### A.

To avoid his appeal waiver, Reyes attempts to recast his argument that the court relied on insufficient evidence in calculating restitution as an argument that the amount of restitution exceeded the statutory maximum.  We can make short work of that argument because the restitution statute does not

---

[1] "[W]e review the legality of a sentence *de novo.*"  *United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005).  We also review the scope of an appeal waiver de novo. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022).

21-11286                Opinion of the Court                5

have a maximum.  *See* 18 U.S.C. §§ 3663, 3663A; *Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006).  To the extent that Reyes challenges the district court's findings regarding the number of victims or the amount of loss per victim, those arguments are barred by his appeal waiver.  *See United States v. Grinard-Henry*, 399 F.3d 1294, 1295–96 (11th Cir. 2005) (appeal waiver barred challenge to sentence based on court's drug-quantity findings); *see also United States v. Johnson*, 541 F.3d 1064, 1067–68 (11th Cir. 2008) (sentence appeal waiver barred challenge to untimely restitution order).

## B.

Reyes also asserts, without elaboration, that the district court's restitution order violated the Excessive Fines Clause of the Eighth Amendment.  "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality"; a fine is excessive "if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).  The restitution imposed here was directly proportional to Reyes's offense because he was ordered to pay only the amount of actual loss to the victims.  Assuming for argument's sake that restitution could be considered a "fine"—that is, "a payment to a sovereign as punishment for some offense"—Reyes's restitution was not "excessive" and did not violate the Eighth Amendment.  *Id.* at 327.

⋆     ⋆     ⋆

The district court's order of restitution did not exceed the statutory maximum penalty and did not violate the Eighth Amendment. Reyes's challenge to the district court's calculation of actual loss to the victims is barred by the appeal waiver in his plea agreement, and we decline to consider it. *See United States v. Boyd*, 975 F.3d 1185, 1191 (11th Cir. 2020) (reaching the merits of a defendant's challenge to his sentence despite his appeal waiver would deprive the government of the benefit of its bargain). We therefore affirm Reyes's convictions and sentence.

**AFFIRMED.**